Court of Appeals for the Ninth Circuit is now in session. Please be seated. Good morning and welcome to the Ninth Circuit Court of Appeals. My name is Morgan Christen and I'm one of the judges on the Circuit Court. My chambers are in Anchorage, Alaska. I'm delighted to be sitting here in Portland today. A lot less snow on the ground here than there is at home this week. I'm sitting with two colleagues from Phoenix this week. Judge Hurwitz is joining us on video and Judge Desai is here in the courtroom with me. We have six cases on the calendar and I just need to do a little housekeeping to clarify for the record that three of them are going to be submitted without argument. They are case number 24-4577, Rodriguez-Rios v. Bondi, 25-1103, United States of America v. Little Dog, and 24-5011, Horton v. Director, Office of Workers' Compensation Programs. The first case on the oral argument calendar is the one you were trying to get at and you're welcome to come to the podium now. It's Casillas-Hurracha v. Bondi, 14-73993. Good morning. Good morning and may it please the Court. My name is Nellie Christensen and I represent Ms. Casillas-Hurracha under the supervision of Jeff Heeran at the University of Idaho College of Law. Can I ask you to stop because I'm remiss. I made a mistake. I need to make sure that counsel can hear us okay. Just a sound check. Remote counsel, can you hear us okay? I can hear you fine. Thank you. Yes. Thank you. Judge Hurwitz, we spoke earlier. You can hear us and see us okay, right? My mistake. I'm sorry. Go right ahead. Great. Thank you. I'd like to reserve three minutes for rebuttal and I'll watch my time. Your Honors, the issue in this case is that the immigration judge did not follow the correct procedure, resulting in prejudice to Ms. Casillas-Hurracha, a resident of this country for nearly 40 years. The immigration judge did not follow the correct procedure because first, the criminal dispositions that are at issue in this case are not in the record. And second, Ms. Casillas-Hurracha was precluded from presenting evidence to establish her eligibility for relief. So first, the criminal dispositions that are at issue in this case are not in the administrative record. And because the details matter here, I'd like to go to the administrative record, page 49, where the immigration judge asks the DHS attorney if there are any criminal convictions. The DHS attorney states that there are in fact three criminal convictions and the DHS attorney reads one of those convictions and then the immigration judge states the remaining two. Now, the immigration judge does later question Ms. Casillas-Hurracha about those criminal convictions and Ms. Casillas-Hurracha does testify to these convictions. However, this court has already held in Tocatli v. Ashcroft that an oral admission is not sufficient when applying the categorical approach. Have we really held that? I thought what we said was that the oral admission doesn't establish the underlying facts of the offense. But we've said many times that an admission by a petitioner can establish the fact of the conviction. Am I wrong in that? Your Honor, when applying the categorical approach, it is true. No, I'm asking a very specific question. I'm asking haven't we held that the admission of a conviction by a petitioner is sufficient to establish the existence of the conviction? Your Honor, I'm not sure that that's what Tocatli holds. I'm not asking what that case holds. I'm asking you whether we haven't held precisely that admission of a conviction by a petitioner is sufficient to establish the existence of the conviction. Your Honor, from my research, no, that is not what this court has held in the past. The INA does state what is required for proof of conviction. And those are all documents under the INA. So could I stop you there? Because I think we might be missing each other. So I think you're going to tell us what has to happen when we apply the categorical approach. And Judge Hurwitz's question really goes to don't we have case law, particularly Ortiz's decision that says we can rely upon a statement, an admission, without even doing the categorical approach. Did you understand him to be asking that question? Your Honor, I'm not sure if I understand exactly. I do know that before we can even apply the categorical approach, it's an issue of if she has admitted to that conviction. You keep saying before. What I'm suggesting is I think we have case law that says we don't even have to go to the categorical approach if she's admitted. That's the Ortiz case by my read, right? And I think that's why I said I think what you're going to do, and what I understand from your briefing and your answer to Judge Hurwitz's question, is talk about how we apply the categorical approach. Yes. Categorical approach when we apply it. What I'm suggesting is I'm not so sure we apply it here. What's your best authority for the notion? Let me just make this clear so that you can answer both of us at the same time. Ortiz says a conviction may be established by the testimony of a petitioner. I take it what you're arguing is that even if she was convicted of methamphetamine, that doesn't establish that there's a categorical match. That's a separate argument. I'd like to hear that one. But on the first one, I think her testimony establishes the methamphetamine conviction. Your Honor, it is our position that her testimony is not sufficient to establish that possession of methamphetamine, and that's because the statute requires proof of conviction documents. There is no statute requiring that. There are regs that say they may prove it, but it doesn't require it. So what I'd like you to do, if you can, because both Judge Kristen and I would like you to get to this, I think, from her question, is address why, if she was convicted of methamphetamine possession in California, that was not enough to make her ineligible for cancellation of removal. Yes, Your Honor. It was not sufficient to make her ineligible for cancellation of removal. And it's just because the criminal dispositions that are an issue that the judge relied on in determining whether she is eligible for cancellation of removal, those dispositions aren't in the record. And the BIA held in matter of SMJ that any evidence that the immigration judge uses to make a substantive ruling needs to be included in the record, and that's not what happened in this case. If I disagree with you on this point, because I think there's an admission from her in the record that establishes the conviction, let's just pretend for a minute for a hypothetical that I disagree with you on that point, then could you take us through your analysis on the categorical approach? Yes. Our analysis is simply that we don't even need to get into the weeds of exactly what categorical approach applies in this case, because we need to have the document first. Under both types of categorical approaches, the actual document is what matters. So my hypothetical is I disagree with you. So now my hypothetical world is I'm establishing there's a conviction, and I'm looking to see if it's a match, a categorical match. How does that analysis go? Why shouldn't I decide that the California statute is facially broader? Well, Your Honor, I don't really have an argument for why that is the case, because I have Conrado versus Holder, which states that it is, in fact, a match for possession of methamphetamine is a categorical match. But our issue is that here we don't have the documents to establish that she was, in fact, convicted of methamphetamine. All right. Are there other questions, or do you want to reserve before we reserve time?   Are they splitting time? Are you splitting this time, or are you splitting your – how are you doing it? Yes. My co-counsel has three minutes now, and I've used my seven. Okay. You better hurry. No, no, no. That's it. That's it. That's all I have. Great. Thank you. Good morning, Your Honors. May it please the Court. My name is Julia Tyler, and I represent the Attorney General in this immigration case. If I may, I'd just like to take a moment to thank the Legal Aid Clinic, representing Ms. Huracha this morning, and especially Jeff Heron, with whom I have been working on this case for several years now. I truly appreciate their time and their dedicated advocacy. Your Honors, there are – none of Petitioner's claims in this case were exhausted before the Board. But I am – and we know this Court has been very clear that in order to exhaust a claim, the noncitizen must put the Board on notice of the specific issues such that the Board has an opportunity to pass on that issue. And procedural errors, such as the one that Petitioner is raising now for the first time, that are correctable by the Tribunal, must be exhausted. So, since you brought it up, I'm going to turn immediately to the alleged insufficiency of the record. There was nothing in Petitioner's notice of appeal to the Board or her brief to the Board that said anything about that the judge testified herself about the criminal convictions or didn't admit certified copies or relying on Huracha's own concessions during the hearing as proof of the conviction of an issue. None of these issues were exhausted below. And I want to take – just want to address one thing. Can you stop for a second? Of course. She did argue below that the judge, I think, somehow erred in the categorical analysis. There's at least some discussion in front of the Board that the judge should have done a more – done something. Am I wrong about that? I don't recall any reference to the categorical approach in the appeal to the Board. And if you could point me to it, I would greatly appreciate it. Well, I'm looking at C.A.R. 14. Okay. She said the judge, I.J., failed to perform a categorical analysis of her conviction. That's – it seems – that's an argument made below. I'm not sure it's the argument being made now, but I'm just – there was some mention of the categorical analysis in the briefing below. I'm looking – Is that enough? And, counsel, separate and apart from that, I guess I would also point you to A.R. 15, where petitioners briefed the BIA, argued that she was eligible for cancellation of removal despite her convictions. Why isn't that enough? I'm sorry. You're pointing to 15. Well, this entire argument before the Board, by the way, has to do with crimes involving moral turpitude. It has absolutely nothing to do with controlled substance effects. So he was arguing a complete – he was actually arguing an entirely different section of 1182. Because I think it didn't qualify as a CIMT, and I agree that it's a bit fuzzy at best, but I'm wishing that you would engage in the substance of the argument, just in case we don't agree with you on the exhaustion point. Well, I don't think that – what, that she exhausted the categorical approach? Is that the question? I think you very clearly stated you don't think that she exhausted, and we can look at the record on this point. It does seem to me to be questionable. But I'm just asking you to turn to perhaps engage with the argument, if you could, on the merits. Regarding her eligibility for cancellation? Regarding the categorical match. So the first question on the categorical match is the one we discussed, which is whether or not it's sufficient to just look at and accept as an evidentiary matter, accept the admissions by petitioner in lieu of a categorical analysis? Well, I think that this court has made it quite clear, Your Honor, under Godoy, that it is a categorical match. Well, you're not answering my question, though. The question – I'm sorry. That's all right. Maybe I wasn't clear. My question is, setting aside whether it's a categorical match, because I actually think that's quite debatable, it seems to me there's a strong argument that the California statute is facially overbroad. But what I wonder is whether we would ever reach it. In other words, even if this is exhausted, it seems to me that Art Ortiz's opinion says that we can rely on – it was an error – to rely upon her admission. Absolutely. Absolutely. You can absolutely rely on the Ortiz decision to rely on her admissions. And by the way, there was nothing in the immigration judge's questioning about her convictions that was inappropriate, and I can address that as well. I think the petitioner accuses the immigration judge of asking closed-ended questions about the drug at issue, and clearly she was being asked open-ended questions. I would also point out to the court – so I think that under Godoy and also the fact that she admitted that she had these convictions, she not only admitted the conviction, she admitted that the month of the conviction that the immigration judge was raising was the wrong month. So she admitted – Could I stop you? Because you went to Godoy again.  And I'm trying to make sure that I understand your argument. Is your argument under Godoy that these two statutes are a categorical match, or is the government relying upon the other position, which is that we don't need to get to the categorical analysis because the IJ was permissible to rely upon the admission? Right. I would make both arguments in the alternative. I would first argue that you don't need to get to the categorical match. I still don't believe that – I would say first and foremost, I don't think that he exhausted the categorical match. But even if he did, you don't get to the categorical match because of Ortiz. And if you did get to categorical match, this court has repeatedly found that it is a categorical match. So that would be the flow of my arguments. Can I just explore the parts of that argument? And I'm not sure they come up in this case. Let's say I believe that her testimony is sufficient to establish that she had a California conviction for possession of methamphetamine. And our case law says that California methamphetamine statute is a categorical match. Right. They seem to be making a slightly different argument now. It may not have been exhausted, but I want to ask you about it. They seem to be saying, well, what we should have said was that because the California statute prohibits the possession of analogs, it is broader than the Controlled Substances Act. And some courts have explored that issue, assuming that issue has been preserved and assuming it's in front of us. What's your position on that? It hasn't been exhausted. I assume that. I know you understand our position on that. I mean, there's just nothing approaching anything like that. And I don't know that I'm prepared at this moment in time, based on the record in this case, to discuss isomers and analogs and all of those things because I think we're getting, you know, possibly. I'm happy to engage in supplemental briefing if it would assist the court. No, that's fine. One other question. Has the BIA addressed that issue? There's lots of district court opinions addressing it, and there's some court of appeals opinions addressing it. They're not all the California statute, but has the BIA addressed it? You know, off the top of my head, Your Honor, I apologize. I don't know of a board decision off the top of my head. But, again, if the court is interested in that issue and would like me to research it, the parties can research it and engage in supplemental briefing. Again, I don't think it was. Counsel, who had the burden of proof to identify that this argument that Judge Hurwitz identified here, that there is not a categorical match because this is an analog and the California statute is broader? Who would have had the burden of proof to raise and prove that issue in front of the IGA? Judge Desai, first and foremost, it is petitioner's burden to establish their eligibility for relief, and it is petitioner's burden to exhaust all of the specific issues such that the board can pass on the issue. And the board did not, was not. So here, I understand the petitioner's argument to be that the IGA did not explore in more detail or ask questions about the offense, that if this was, she admitted that this was a methamphetamine offense. But then, as I understand it, and I read the record, petitioner did nothing more at that point to say, well, there is a problem as between the California statute and the possibility that it is broader and doesn't account for a methamphetamine analog. So, you know, where I'm struggling is if it's the petitioner's burden, and I think that the Pareda v. Wilkinson Supreme Court case, it makes clear that it's the petitioner's burden in this particular instance. I don't see anything in the record where petitioner actually raises this issue and argues it specifically to meet her burden of proof. That's exactly right. The petitioner never raised that issue to the board. And, I mean, as a matter of fact. I think the petitioner raised the issue with respect to seeking relief, but didn't meet her burden of proof. And I think those two things are different. I'm not talking about exhaustion here. I'm talking about the burden before the agency. You're exactly right, Judge Desai. In fact, what petitioner's counsel did was mostly argue that she was not removable under INA Section 237, which, as the board pointed out, was not even the section that was relevant here. So, I mean, again, I'm not going to say that the counsel did a great job. I'm disappointed that they didn't file a motion to reopen for ineffective assistance of counsel, potentially. That's another avenue that they could have taken. But they didn't take any of those avenues. And if I could just address for one quick second this issue. Excuse me. It will be one quick second because you're a minute over time, so please wrap up. Okay. Okay, sorry. Thank you so much. I just wanted to mention that the petitioner accuses the government of speculating about the existence of the conviction documents and an I-213 before the court in their reply brief. And I would just direct the court's attention to AR-12 and AR-14, where petitioner's counsel specifically referenced an I-213 and criminal conviction documents that were before the immigration judge and obviously were also in front of counsel. Again, this was a procedural error, and they had a duty to raise it because procedural errors that are correctable by the tribunal must be exhausted. I want to thank everyone. And so this may be my last oral argument for the government. So I just want to say it's been a pleasure and a joy to argue before the Ninth Circuit for 18 years. And I appreciate it. And, Your Honors, I do respectfully request that the court deny the petition for review in this case. Thank you for your service, counsel. Thank you. And congratulations. We're going to hear from, I think we have three more minutes on the clock. Okay, we're going to hear the rebuttal. Okay. Good morning, Your Honors. My name is Leslie Cixlos-Cruz, and I have two issues on rebuttal, the first being the fair hearing, specifically addressing ineligibility for cancellation of removal, and the second being, Judge, you did ask which is our best argument here, and that would be the U visa. So going to the cancellation of removal for ineligibility, here having the criminal convictions in the record is vital to assessing eligibility for relief or removal for miscasy as well. Can I ask you right there, what's your position about why we don't have them in the record, given that we've got admissions? Your Honor, we don't have them in the record because Miss Casillas-Huaracha was in detention when she was first heard her notice to appear at immigration court at the Master Calendar hearing, and then counsel was retained just three days prior. So on the record, counsel stated that he was not prepared to present a defense. He went into the Master Calendar hearing thinking this was going to be. I know your time is ticking away here, so I'm just going to ask this one more time. My question is, why was it error for the IJ to rely upon her admissions? She had those prior convictions. Is it because you think she wasn't represented or there wasn't time to prepare, or what is it? I would say the latter, Your Honor. She didn't have time to prepare. I understand that. So let's assume that it's true that she had. She just orally testified with respect to her prior conviction. I asked her friend on the other side this question. I'm curious to know your position. When the petitioner is seeking relief from removal, it's the petitioner's burden to introduce evidence showing that the petitioner was convicted of an offense that does not carry immigration consequences under PRADA. So how do you overcome that burden? Because she doesn't introduce any additional evidence, and that's her burden to be able to show that there aren't immigration consequences for the particular methamphetamine offense that she had been previously convicted of. That's right, Your Honor. Yes, the petitioner does have the burden of proof in this case, but the immigration judge also has a duty to ensure a fair hearing, and that wasn't given in this case, Your Honor. We have precedent decided by this circuit under OSHODI and AREVA, and immigration judge must ensure a noncitizen with a fair hearing. But how do you reconcile that with the burden that the petitioner has? It's not the immigration court's responsibility to make arguments or raise arguments that haven't been presented to it in the first instance. So I don't disagree with you with respect to our precedent, but there's still an obligation for the petitioner to meet her burden. That's right, Your Honor, and we have two statutes under the INA, starting with 8 U.S.C. section 1229AC3B as well as B4B. Under the first statute, we have a list of proof of criminal convictions to be included in the record, and oral admission is not one of them. And in the second statute, Your Honor, the noncitizen has a right to present evidence in this case, and she wasn't given that right. So how do you talk about that? Can I ask you about that because I'm confused about that argument? The IJ did develop the record in the sense that he said to the petitioner, do you have any criminal convictions? And then inquired about them. And so I don't think the IJ just set by idly at this point. But it's the second point I'm trying to figure out. How was she prevented by the IJ from making any of the arguments you're making today? Well, Your Honor, starting in the transcript, starting on page 47, and therefore we have there the attorney requesting relief, starting with the U visa and counseling insurance removal, and there the immigration judge cut the attorney off saying, one, she doesn't have jurisdiction for a U visa, which we disagree on.  That's the U visa issue. Hold on. Judge Hurwitz. I'm trying to focus on the conviction. Judge Hurwitz, hang on. Sorry. Could you slow down because I can't understand you. I want to hear what you have to say, and then I'd ask you to listen to Judge Hurwitz restate his question so you can answer it. I really can't understand what you're saying. So could you just take another run at that? Right. So if I understood the judge's question correctly, it is what precluded Ms. Casillas-Huaracha from seeking relief from removal, and I'd like to say first that the attorney at the Master Counsel hearing presented two forms of relief from removal, the first being a U visa petition, and the second being counseling insurance removal. The U visa petition was disregarded by the immigration judge because she said she does not have jurisdiction to adjudicate a waiver, which we disagree on, and second, that she is ineligible for counseling insurance removal because of her good moral character due to the ---- I understand that, but you would turn to the transcript in explaining what the problem was with the transcript, and you want us to look at what page? Your Honor, specifically we have here, you were talking about ER 47 where the judge basically cut off the counsel and said I don't have jurisdiction of the U visa issue, and you were pointing to that evidence as the basis for not allowing her to develop her argument with respect to the cancellation of removal on the methamphetamine conviction. And I see those two things as sort of conflating, and of course the judge is going to say I don't have jurisdiction, I'm not going to hear any more on that, but how does that go to Judge Hurwitz's question that how did that prevent her from introducing evidence with respect to her prior conviction not being a categorical match? Your Honor, if I'm understanding your question correctly, is how was she precluded from presenting evidence into the record? Correct. And so with the immigration judge precluding or pretermiting those options for removal as in U visa and cancellation removal, at the Master County hearing Ms. Casillas Huaracha was ineligible or didn't have the opportunity to explore other forms of relief, and that would be a pre-hearing voluntary departure, withholding of removal, as well as convention against torture. And those forms of relief do not require good moral character. Counsel, hold on. I'm going to just ask you to listen to Judge Hurwitz's question again so we can get. Yeah, I still think we're missing each other, but I think it's been asked a couple times now. I don't see anything in this record where the IJ said, I'm not going to hear anything more about your prior convictions. I'm not going to let you put in any evidence. Am I correct in reading the record that way? I would disagree, Your Honor, and actually if we turn to. Tell me where in the record there's contrary indication other than when the IJ says, I don't have jurisdiction to hear the U visa application. Right, Your Honor. So after the second time the immigration judge said she isn't eligible for consolidation or removal, in the last page of this transcript, and I believe if I have it right, starting page 53 and 54, there the attorney said, well, I have not looked at the record. I'm not prepared to present anything else in the defense. There the immigration judge says, okay, well, do you just want to take this case up to appeal? And the attorney did reserve for appeal. So right then and there within a matter of minutes, we're literally talking five to ten minutes, this is how long the master counter hearing lasted. There were no other options for relief to be introduced in that matter. Counsel, you're about almost four minutes over time, so I'm just going to ask you, in response to Judge Hurwitz's question where a minute ago you said she was cut off and he's asked you where is that, is it page 54, 53, 54? Are those the pages you want us to look at? Your Honor, I would like to. That's kind of a yes or no and you're out of time, so. Yes, yes. Those are the pages? Yes, Your Honor. Okay. I want to thank you for your patience with our questions and thank you all for participating on a pro bono basis. We appreciate your help very much. Thank you. We'll take that matter under advice.
judges: CHRISTEN, HURWITZ, DESAI